UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GERALD VALERIE | : | DOCKET NO. 06-2055 |
| VS. | : | JUDGE MINALDI |
| FIDELITY & DEPOSIT CO OF MARYLAND | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

On September 22, 2006, Gerald Valerie (hereinafter "Valerie") filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Fidelity & Deposit Co. of Maryland (hereinafter "Fidelity"), is made defendant. Fidelity is Valerie's insurer. Petition ¶ 3 [doc. # 1]. Valerie claims that he suffered losses as a result of Hurricane Rita, that demand was made on Fidelity for his claims, and that Fidelity failed to adequately adjust the loss or to make adequate payment, while maintaining that Valerie was fully compensated, in bad faith. *Id*. at ¶¶ 3-4, 7-9. Accordingly, Valerie seeks to recover damages plus penalties and attorneys' fees pursuant to Louisiana Revised Statutes §§ 22:658 and 22:1220, plus all costs of prosecution. *Id*. at ¶ 10.

On November 3, 2006, Fidelity removed the case to federal court [doc. # 5] on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that the amount in controversy exceeds the sum of $75,000. Removal ¶ V. Fidelity also alleges federal question jurisdiction, 28 U.S.C. § 1331, based on the National Flood Insurance Act, 42 U.S.C. § 4001, *et. seq*. and the National Flood Insurance Program administered by the Federal Emergency Management Agency

(hereinafter "NFIA," "NFIP" and "FEMA," respectively)[1], the takings and contract clauses of the United States Constitution (and of the Louisiana State Constitution), and nationwide insurance industry concerns implicating interstate commerce. *Id.* at XI-XXIV.

On December 4, 2006, Valerie filed a motion to remand [doc. # 10], stating that "at this time, Plaintiff's individual damages do not appear to exceed the jurisdictional amount of $75,000 as required" for diversity jurisdiction. Motion to Remand ¶ 1. Valerie further argues that "[e]ven with penalties and fees included in the total value of the claim, [he] presently believes the jurisdictional amount of $75,000 is lacking." Memorandum in Support of Motion to Remand, at p. 2 [doc. # 10-2]. Finally, Valerie states that as he did not have a policy of flood insurance on the property at issue, and as there was no flooding of the property, the federal question argued by Fidelity does not arise. *Id.* at p. 3.

On December 19, 2006 Fidelity filed a Memorandum in Opposition to Motion to Remand [doc. # 15], arguing that Valerie has failed to show through affidavit or stipulation that his claims are for less than the jurisdictional requisite, and further that he has not shown he would not accept or pursue recovery of any award in excess of $75,000. Memorandum in Opposition to Motion to Remand, at pp. 1-2.

The matter is now before the court.[2]

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54

---

[1] The NFIP provides for flood insurance through FEMA, as well as through designated private insurers known as "Write-Your-Own" ("WYO") companies. Claims are paid with federal funds.

[2] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

(5th Cir. 1961). In cases removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000+. The Fifth Circuit requires that "[t]he defendant . . . make this showing either . . . (1) by demonstrating that it is 'facially apparent' [from the plaintiff's petition] that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in their petitions unless "a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1) (as amended by Acts 2004, No. 334)). However lawsuits on conventional obligations, such as insurance policies, are exempt from this requirement. La. Code Civ. P. art. 893(B) (as amended by Acts 2004, No. 334). Therefore Valerie is not required to state that there is no basis for diversity jurisdiction, and, in fact, his petition is silent on the issue.

The value of the claim on an insurance policy, and not the policy's limits, determines the amount in controversy. *Hartford Ins. Grp. v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action).

Valerie's petition demands payment for "the full amount of personal property replacement, dwelling and loss of use and additional living expenses" (Petition, at prayer) but does not specify the amount of his demand, or ask for payment of his policy's limits. No documents provided by either Valerie or Fidelity show a specific amount in controversy, however

3

Valerie has filed various documents showing estimates for $14,022.14 for "all repairs" to his hurricane-damaged property. Exhibits [doc. # 12-3]. Fidelity has not objected to Valerie's assertions regarding the estimated costs of repair, nor has it provided any counter information evidencing a higher claim. If Valerie's claim is for "all repairs" as estimated above, the amount is clearly insufficient for diversity jurisdiction. Furthermore, Fidelity shows that it has paid Valerie $12,456.59 on the Hurricane Rita-related claim (Affidavit of James P. Novak, Senior Vice President of ZC Sterling Insurance Agency, program manager for Fidelity. Exhibit 3 [doc. # 15-3]). Fidelity would be entitled to a credit against any damages award for the amount already paid on the claim. This amount would reduce the amount in controversy. .

Fidelity must offer more than conclusory statements about Valerie's claim's value and show by a preponderance of the evidence that the amount in controversy calls for diversity jurisdiction, which it has not done here. As Fidelity has failed to bear its burden of proof on the amount in controversy, we may not properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

We turn now to Fidelity's claim that a federal question is raised by Valerie's petition.

Fidelity argues that Valerie's action requires the Court to construe a federal statute, the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, because Valerie seeks "judicial imposition of liability for uninsured flood damages" (Notice of Removal ¶ XIX), requiring the Court to "determin[e] what additional NFIP coverages [Valerie] could or should have purchased and the extent to which their alleged losses would have been covered under any such NFIP contracts." *Id.* ¶ XVI. This argument has no merit. Valerie states clearly in his petition that he does not have a flood policy, that he had no flooding and is making no claim for flood damages, so no flood insurance issues should concern the court. We have to agree with Valerie.

4

The issue – whether procurement of a flood insurance policy creates federal question jurisdiction – is of first impression in the Western District of Louisiana, however the United States District Court for the Eastern District of Louisiana has considered numerous cases since Hurricanes Katrina and Rita in which flood insurance policies written pursuant to the NFIP have been the fulcrum of the plaintiffs' claims.[3]  Federal question jurisdiction was found in those cases where the issues involved handling or denial of claims under existing flood policies.  However the Courts have consistently failed to find federal question jurisdiction in cases involving procurement of flood insurance written pursuant to the NFIP, either directly through FEMA or with a private WYO insurer[4] (*Seruntine v. State Farm Fire & Cas. Co.,* 444 .Supp.2d 698, 701 (E.D. La. 2006)).  The Fifth Circuit has determined that there is a difference between procuring and handling insurance claims.  *Wright v. Allstate*, 415 F. 3d 384 (5th Cir. 2005).  If cases in which the plaintiffs have had some expectation that they were covered by flood insurance were deemed not to raise federal questions, then the instant case in which there was no such expectation raises no federal question.  *Doherty v. State Farm Fire & Cas. Co., et al,* 2007 U.S. Dist. LEXIS 3989 (E.D. La. 2007) (citations omitted).  Accordingly, the undersigned finds that we may not properly exercise federal question jurisdiction.  28 U.S.C. § 1331.

For the foregoing reasons,

---

[3]  *See* Jones v. State Farm Fire & Cas. Co., 2006 U.S. Dist. LEXIS 61085 (S.D. Miss. 2006) (Senter, J); *Seruntine v. State Farm & Cas. Co.,* 444 F. Supp. 2d 698 (E.D. La. 2006) (Vance, J); *Bramlett v. State Farm Fire & Cas. Co.,* 2006 U.S. Dist. LEXIS 54786 (S.D. Miss. 2006) (Senter, J.); *Sullivan v. State Farm Cas. Co.,* 2006 U.S. Dist. LEXIS 55295, (E.D. La. 2006) (Barbier, J); *Jeffrey v. Ins.Underwriters,Ltd*, 2006 U.S. Dist. LEXIS 45998 (E.D. La. 2006) (McNamara, J.); *Cosse v. Matte,* 2006 U.S. Dist. LEXIS 46104 (E.D. La. 2006) (McNamara, J.); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 534-36 (E.D. La. 2006) (Fallon, J.).

[4]  The procurement cases include claims that the insurance agent failed to procure coverage having been asked to do so, or where the agent failed to increase the coverage over time, where the agent failed to recommend flood coverage, and where the coverage had lapsed and the agent had failed to inform the plaintiff of the loss of coverage.

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 10] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on June 4, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE